UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KIRACOFE, | ) | CASE NO. 3:08 CV 713 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CLIFFORD SMITH, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On March 21, 2008, petitioner *pro se* Michael Kiracofe filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Kiracofe is incarcerated in an Ohio penal institution, having been convicted in March 2006, pursuant to a no contest plea, of abduction with a firearm specification and vandalism. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). Kiracofe raises eight grounds in support of the petition. While the petition indicates he

sought to raise these grounds in a delayed appeal to the Ohio Supreme Court, his motion for delayed appeal was denied by that court. *State v. Kiracofe,* 115 Ohio St.3d 1438 (Oct. 24, 2007).

Although the petition is silent concerning the reason Kiracofe's motion for delayed appeal was denied by the Ohio Supreme Court, this court must assume the motion was denied because he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a). *See*, *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Thus, Kiracofe was procedurally barred from raising the grounds sought to be raised herein in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986)); *see also*, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990). No such showing is reasonably suggested by the petition.

For the foregoing reasons, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: May 15, 2008

                 **HONORABLE SARA LIOI**
                 **UNITED STATES DISTRICT JUDGE**